IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 2000 Session

## STATE OF TENNESSEE, Department of Children's Services, v. MR

**Direct Appeal from the Juvenile Court for Greene County**
**No. 10589      Hon. David Schulty by interchange, Judge**

**FILED 16, 2000**

**No. E1999-02703-COA-R3-CV**

The Trial Judge granted the Department's petition to terminate parental rights of the mother to her ten year old child on numerous grounds. The mother has appealed, and we affirm termination.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Douglas L. Payne, Greeneville, Tennessee, for appellant, MR.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for Appellee, State of Tennessee, Department of Children's Services.

**OPINION**

In this action to terminate parental rights of MR to her daughter, IPT, a minor, the record reveals that IPT first came into the custody of the state on November 9, 1994. IPT has severe mental and physical disabilities, and suffers from a host of medical problems, including, but not limited to, spinal bifida, seizure disorder, congenital heart disease, severe hearing loss, and multiple congenital abnormalities. She is severely mentally retarded, and despite her chronological age of 10, she has the mental functioning of a 4 month old. She cannot walk or talk and needs constant supervision.

Cindy Frye has been IPT's foster mother since 1994, and has performed all the daily

care-taking chores. IPT has developed a bond with Ms. Frye, who is willing to adopt IPT if the mother's rights are terminated.

After the evidence was presented, the Trial Judge terminated the mother's parental rights, setting forth several bases for termination. We find it unnecessary to consider all the grounds found by the Trial Judge, but affirm the Trial Court's judgment on the ground of the Court's finding that the Department had made reasonable efforts to assist the defendant to establish a suitable home for the child for more than four months following the removal of the child, and that the mother had made no reasonable effort to provide a suitable home and has demonstrated a lack of concern for the child to such a degree that it appears unlikely that she will be able to provide a suitable home for the child at an early date. The Court further found that it was in the best interest of IPT that the mother's parental rights be terminated and that custody, control and guardianship of IPT be awarded to the State of Tennessee, Department of Children's Services.

IPT was removed in November 1994, because MR was either unable or unwilling to provide the level of care that IPT requires. After the removal, the mother was given unsupervised overnight visits with the child, and the evidence showed that the mother had been given basic instructions on how to care for the child, including the use of a feeding tube. However, the mother would return the child with formula improperly left in the tube.

There was evidence that after the overnight visits, the child would sometimes be sick for several days upon return, and other evidence of improper feeding.

The child had been in State custody for almost five years at the time of trial, and during that time the mother demonstrated she was not capable of caring for the child. Further, the evidence does not establish that the conditions will be remedied at an early date, as indicated by the mother's lack of correcting the conditions over a period of five years, which led to the removal of the child.

Several plans of care were established setting forth the responsibilities of the mother. Essentially, the mother did not substantially comply with any of the plans, which evidence supports the Trial Court's finding that her parental rights should be terminated, pursuant to Tenn. Code Ann. §36-1-113(g)(2), which allows for termination due to noncompliance with the plans of care.

Additionally, a party seeking to terminate parental rights must prove by clear and convincing evidence, not only that the grounds exist, but that the termination is in the child's best interest. T.C.A. §36-1-113(c).

In this case, the termination of the mother's parental rights are in the child's best interest, based upon a number of statutory factors. The mother has not maintained regular visitation, nor has she otherwise established a meaningful relationship with the child. Moreover, the mother has failed to make lasting adjustments in her ability to care for the child, or in establishing a stable home, despite reasonable efforts by the Department. Finally, a change of caretakers would be detrimental

to the child, considering her fragile medical condition, and the mother's demonstrated and admitted inability to care for the child. T.C.A. §36-1-113(I)(5).

The child has very special needs. She requires constant and intensive medical care, and the Trial Court, after watching a video clip of the child, observed:

> [T]his child is severely mentally and physically handicapped and I . . . I don't think there's anyway the average parent could cope with this child. . . [J]ust by my seeing that little clip, I can tell that taking care of that child would literally be a full time job, and just by observing the mother, I don't . . . By the testimony of the mother having many residences and by having many jobs, I just don't think she is stable enough to provide the home that this child desperately needs.

We find from clear and convincing evidence there are ample grounds to terminate the parental rights of the mother, and that it is in the child best interest.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of appeal assessed to the appellant MR.

_____
HERSCHEL PICKENS FRANKS, J.